UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MAXIMINO CONTRERAS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Nos. 3:19-CV-156<br>3:16-CR-100 |

## MEMORANDUM OPINION

Before the Court is Maximino Contreras' ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 280].[1] The United States has responded in opposition [Doc. 12]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 7]. Petitioner has also filed a motion to appoint counsel [Doc. 3] which is pending before this Court. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 280] and his motion for counsel [Doc. 3] will be **DENIED**.

I. **BACKGROUND**

In January 2017, Petitioner and co-defendant were charged in a three-count superseding indictment pertaining to conspiracy and distribution of 50 grams or more of

---
[1] Document numbers not otherwise specified refer to the civil docket.

methamphetamine, a Schedule II controlled substance, and a money laundering conspiracy. [Crim. Doc. 101]. Petitioner was named in all three counts. [*See id.*].

On June 27, 2017, Petitioner entered into an amended plea agreement with the government. [Crim. Doc. 198]. Petitioner agreed to plead guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). [*See id.*] The plea agreement was signed by Petitioner and attorney Mike Whalen.

In his plea agreement, Petitioner acknowledged that starting in at least March 2016 through August 5, 2016, he was part of a methamphetamine conspiracy in the Eastern District of Tennessee and elsewhere. Petitioner acknowledged that he lived in Arizona and would ship methamphetamine to co-defendant. During the execution of a search warrant on August 5, 2016, in Morristown, TN, authorities recovered four pounds of actual methamphetamine, and approximately $22,000.00 in U.S. currency. Petitioner was the only person in the apartment at the time of the search and agreed to be held responsible for a base offense level 36. [Crim. Doc. 247, ¶¶ 17-18].

The Court conducted a change of plea hearing on July 17, 2017. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his rights, that his motion to change plea to guilty was granted, that he waived the reading of the Indictment, that he pled guilty to Count 1 of the Superseding Indictment, that the Government moved to dismiss the remaining counts at sentencing, that Petitioner was referred for a Presentence Investigative

Report ("PSR"), and that he was to remain in custody until his sentencing hearing. [Crim. Doc. 197].

The PSR calculated a total offense level of 35 and a criminal history category of III, resulting in a guideline range of 210 to 262 months. [Crim. Doc. 247, ¶ 56]. The PSR also noted that, but for Petitioner's plea agreement dismissing Count 2, he would have been exposed to a two-level increase in his offense level, which would have subjected him to a guideline range of 262 to 327 months. [*Id.* at ¶ 57].

The government filed a notice of no objections to the PSR. [Crim. Doc. 249]. The government also filed sentencing memorandum wherein it concurred that the correct advisory guideline calculation was 210 to 262 months' imprisonment and reserved the right to offer argument and proof at the sentencing hearing as the Court permitted and as it deemed appropriate. [Crim Doc. 250].

Petitioner, through counsel, filed a late notice of objections to the PSR, objecting to the enhancement for the special offense characteristic of maintaining a premises for manufacturing or distributing a controlled substance. [Crim. Doc. 257]. Petitioner, through counsel, filed a sentencing memorandum, requesting the Court strike the two-level enhancement for maintaining a drug premises and grant a downward variance for Petitioner's cooperation. [Crim. Doc. 260].

On April 30, 2018, after considering and overruling Petitioner's late-filed objection to the PSR, the Court sentenced Petitioner to a total of 210 months' imprisonment and then five years of supervised release. [Crim. Doc. 269]. Petitioner did not file a direct appeal, but on May 1, 2019, he filed this § 2255 motion.

3

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a

4

preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

III.   ANALYSIS

As an initial matter, Petitioner seems to raise four claims in this § 2255 motion: 1) ineffective assistance of counsel for his first attorney, Joshua Hedrick, for requesting a continuance when he filed a motion to withdraw which affected Petitioner's speedy trial rights; 2) ineffective assistance of counsel for his final attorney, Mike Whalen, for not appealing the sentence which was about the guidelines range minimum of 10 years or 168 months as stated in the PSR, 3) that the Court erred in sentencing Petitioner above the

5

sentencing guideline range and that Petitioner retained his right to appeal a sentence above the minimum sentence in the PSR; and 4) prosecutorial misconduct for interfering with Petitioner's right to a speedy trial. [Doc. 1; Crim. Doc. 280]. Petitioner has also filed a motion to appoint counsel [Doc. 3] which the Court will address first.

### A. Motion for Counsel [Doc. 3]

Petitioner filed a motion for appointed counsel, requesting a court-appointed counsel stating that he is not able to afford counsel, he is ignorant of the laws, and is not fluent in English. [Doc. 3].

There is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (observing that the "right to appointed counsel extends to the first appeal of right, and no further"); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (noting that the constitutional right to counsel does not extend to collateral proceedings). Even so, a district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

As discussed in this memorandum opinion, Petitioner has adequately presented his claims to the Court without the benefit of counsel, and the Court has found the issues to be without merit. Petitioner has also failed to offer any material facts that would justify the appointment of counsel. Accordingly, his motion [Doc. 3] will be **DENIED**.

## B. Ineffective Assistance of Counsel Claims (Claims 1 & 2)

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional

7

errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

### a. *Claims against Attorney Hedrick*

Petitioner claims that Attorney Hedrick lied to him regarding the plea deal, forcing Petitioner to request new counsel and a continuance for new counsel to represent Petitioner effectively. [Doc. 1].

Petitioner's argument fails at *Strickland's* second step. While it is undisputed that Attorney Hedrick "communicated an incorrect plea offer" and then "corrected his statement of the terms of the offer," Petitioner has not shown that he was prejudiced by the misstatement. Petitioner has not alleged that he would not have pled guilty or proceeded to trial but for counsel's mis-advice. Further, when deciding whether Petitioner was entitled to new counsel, the Court determined that Attorney Hedrick's mistake "was corrected without prejudice to [Petitioner]…" [Crim. Doc. 82]. Petitioner thus cannot bear his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Similarly, Petitioner agreed to continue the trial at the hearing on Attorney Hedrick's motion to withdraw and knew that receiving a new attorney would result in a continuance. [Crim. Doc. 82]. Petitioner did not raise a speedy-trial violation claim at that time, nor did he raise one prior to entering his guilty plea. *See Zedner v. United States*, 547

U.S. 489, 502-03 (2006) (noting that defendants must raise speedy-trial claims before pleading guilty).

Accordingly, Petitioner's Claim 1 will be **DENIED** as Petitioner has not shown that he was prejudiced by any alleged ineffectiveness of counsel.

### b. *Claims against Attorney Whalen*

Petitioner's ineffective assistance claim against Attorney Whalen centers around a failure to file an appeal, notwithstanding the enforceable appeal-waiver in his plea agreement. As Petitioner has not provided specific facts to support his conclusory allegation, the Court can reject this contention as insufficient to sustain the motion. *See Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4 (6th Cir. July 14, 2020). Further, Petitioner has not shown that his counsel was ineffective in failing to file an appeal, as Petitioner has not alleged that he asked counsel to file an appeal or would have filed an appeal absent counsel's mis-advice. Accordingly, Petitioner has not shown that counsel was ineffective, and his Claim 2 will be **DENIED**.

### C. Sentencing Error Claim (Claim 3)

Petitioner claims that he received a sentence above his guideline range and above the mandatory minimum sentence applicable. He also contends that he retained the right to appeal such a sentence. [Doc. 1].

### a. *Collateral Attack Waiver*

When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to *United States v. Fleming*, 239 F.3d 761,

9

763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id*. An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary. *Watson v. United States*, 165 F.3d at 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2, n.3 (E.D. Ky. Feb. 1, 2010).

In this case, Petitioner signed a Plea Agreement containing the following waiver provision: "[t]he defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a §2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel." [Crim. Doc. 198, p. 5].

Petitioner does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, or claim that he did not sign it voluntarily. Accordingly, because Petitioner is not attacking the validity of the plea itself, and because he expressly waived the right to collaterally attack his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct, Claim 3 is barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at 451. Accordingly, Petitioner's Claim 3 will be **DENIED** as barred by his collateral attack waiver. However, as discussed below, this claim alternatively fails on the merits.

10

### b. Merits

Petitioner argues that the Court sentenced him above the guideline range as set forth in the PSR and above the applicable mandatory minimum sentence. The Government responds that this claim is procedurally defaulted, and Petitioner's claim is meritless as Petitioner's sentence did not exceed the guideline range in the PSR. [Doc. 12].

As Petitioner failed to raise this claim on appeal, Petitioner is procedurally defaulted from bringing this claim. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982), and *Bousley v. United States*, 523 U.S. 614, 621–22 (1998)). However, Petitioner can overcome the default by showing cause and prejudice.

Here, Petitioner has not attempted to show cause or prejudice for failing to raise this issue on appeal, nor has Petitioner attempted to show that he is actually innocent. *Bousley*, 523 U.S. at 622-23. Further, Petitioner was sentenced within the applicable guidelines range as set forth in the PSR. Petitioner's contention that his sentence should have been 168 months is based on the premise that the Court sustained Petitioner's objection to the enhancement in the PSR. However, after consideration, the Court overruled Petitioner's objection and sentenced Petitioner at the bottom of the guideline range, which was 210 months. As the Supreme Court has explained, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Petitioner's unsupported allegations are directly contradicted by the record and are not credited. Thus, Petitioner's Claim 3 also fails on the merits.

### D. Prosecutorial Misconduct Claim

The Court first notes that this claim is procedurally defaulted as Petitioner did not raise this issue on appeal. *See Massaro*, 538 U.S. at 504 ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citing *Frady*, 456 U.S. at 167-168, and *Bousley*, 523 U.S. at 621–22); *Poulsen v. United States*, 717 F. App'x 509, 517 (6th Cir. 2017) (affirming lower court's finding that prosecutorial misconduct claims had been procedurally defaulted when raised in a § 2255 motion); *Goward v. United States*, 569 F. App'x 408, 411 (6th Cir. 2014) (observing that claims based on prosecutorial misconduct that had not been raised on direct appeal were procedurally defaulted). However, as discussed above Petitioner can overcome the default by showing cause and prejudice or that he is actually innocent.

Here, Petitioner has not attempted to show cause or prejudice as to why he failed to raise this issue on appeal, nor has he attempted to show actual innocence. Even if Petitioner could show cause, his claim would still fail on its merits. "To prevail on his prosecutorial misconduct claims, [Petitioner] must show that the prosecutor's conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Jones v. United States*, No. 17-5404, 2017 WL 8791898 at *5 (6th Cir. Nov. 1, 2017) (internal quotation marks and citations omitted). There is simply nothing in the record supporting Petitioner's claim of prosecutorial misconduct or any prejudice that resulted from any action by the United States.

12

Case 3:16-cr-00100-RLJ-DCP Document 303 Filed 07/21/21 Page 12 of 14 PageID #: 2650

Further, Petitioner has provided no factual support for this claim. Without some factual details to flesh out his claims of prosecutorial misconduct, the allegations are vague and conclusory and do not entitle Petitioner to relief. As this claim is conclusory and without factual support, the Court can reject this contention as insufficient to sustain the motion. *See Ushery*, No. 20-5292, at *3–4. Accordingly, Petitioner's Claim 4 will be **DENIED** as procedurally defaulted.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 280] will be **DENIED** and **DISMISSED**, and Petitioner's motion for counsel [Doc. 3] will be **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the

dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge